IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00038-MR-WCM

| | | |
|---|---|---|
| AMANDA EDWARDS | ) | |
| *Individually as Beneficiary and* | ) | |
| *as Executor of the Estate of* | ) | |
| *Vivian Profitt McDonald* | ) | |
| | ) | |
| **Plaintiff,** | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| **NEW DAY FINANCIAL, LLC** | ) | |
| *a Maryland Limited Liability Company;* | ) | |
| **COMMONWEALTH REAL** | ) | |
| **ESTATE INFORMATION SERVICES** | ) | |
| *a Pennsylvania Limited Liability* | ) | |
| *Company, solely as Trustee* | ) | |
| *also known as Commonwealth* | ) | |
| *Real Estate Information Services, LLC;* | ) | |
| **MORTGAGE ELECTRONIC** | ) | |
| **REGISTRATION SYSTEMS, INC.** | ) | |
| *("MERS"), solely as a nominee for* | ) | |
| *New Day Financial, Lender;* | ) | |
| **SECRETARY OF HOUSING AND** | ) | |
| **URBAN DEVELOPMENT;** | ) | |
| **TIMOTHY V. ANDERSON,** *Esq.;* | ) | |
| **ANDERSON LAW,** | ) | |
| *solely as Foreclosure Commissioner;* | ) | |
| and **MICHAEL A. KUTYANA** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

This matter is before the Court on the following motions which have been

referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a

recommendation:

1

1. Motion to Dismiss or, in the Alternative, for Summary Judgment, Together with Request for Lifting of Injunctive Relief and Immediate Possession by Defendant Michael A. Kutyana (the "Kutyana Motion to Dismiss" Doc. 3);

2. United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion for Summary Judgment (the "HUD Motion to Dismiss" Doc. 10); and

3. Motion to Dismiss by Defendant Mortgage Electronic Registration Systems, Inc. (the "MERS Motion to Dismiss" Doc. 14).

## I.   Procedural Background

On February 9, 2022, Amanda Edwards, individually as beneficiary and as executor of the Estate of Vivian Profitt McDonald, ("Edwards") filed a Complaint in the Superior Court of Buncombe County, North Carolina. Doc. 1-1. The Complaint named New Day Financial, LLC ("New Day"), Commonwealth Real Estate Information Services ("Commonwealth"), Mortgage Electronic Registration Systems, Inc. ("MERS"), the Secretary of Housing and Urban Development ("HUD"), Timothy V. Anderson ("Anderson"), Anderson Law, and Michael A. Kutyana ("Kutyana") (collectively, "Defendants") as defendants.

Also on February 9, the state court entered a temporary restraining order ("TRO") preventing Defendants, for a period of ten (10) days, "from

2

conveying or transferring away any interest in" or "taking any further action to evict" Edwards from 241 Pole Creasman Road, Asheville, North Carolina (the "Property"). Doc. 1-2 at 9. The state court set a hearing on Edwards' request for a preliminary injunction for February 21, 2022.

On February 17, 2022, HUD removed the matter to this Court. Doc. 1.

On March 2, 2022, Kutyana filed the Kutyana Motion to Dismiss. Edwards subsequently responded and Kutyana replied. Docs. 19, 25.

On April 6, 2022, HUD filed the HUD Motion to Dismiss. Edwards subsequently responded and HUD replied. Docs. 21, 26.

On April 19, MERS filed the MERS Motion to Dismiss. Edwards subsequently responded and MERS replied. Docs. 23, 27.

On June 6, 2022, Edwards was directed to show cause for her failure to effect service on New Day, Commonwealth, Anderson, and Anderson Law. Doc. 28.

Edwards filed an affidavit of service on June 13, 2022 and a response to the Show Cause Order on June 17, 2022. Docs. 29, 30.

On June 23, 2022, the District Court discharged the Show Cause Order, dismissed Commonwealth without prejudice, and directed Edwards to file, within 14 days, an appropriate motion or otherwise take further action with respect to New Day, Anderson, and Anderson Law. Doc. 31.

On July 7, 2022, Edwards filed a Motion for Entry of Default against

3

New Day, Anderson, and Anderson Law. The Clerk entered default against these parties the following day. Docs. 32, 33.

On July 27, 2022, a hearing was held on the pending motions. At the conclusion of the proceeding, the undersigned took the matter under advisement. This Memorandum and Recommendation now follows.

## II.  Edwards' Allegations

The Complaint (Doc. 1-1), as well as various documents attached to it, indicate as follows:[1]

Edwards is the co-executor of the estate of Vivian Profitt McDonald ("Ms. McDonald"). Doc. 1-1 at ¶ 1.

On or about July 26, 2012, Ms. McDonald "allegedly entered into a 'reverse mortgage'" with New Day. The reverse mortgage was secured by a Deed of Trust ("First Deed of Trust") on the Property. Id. at ¶ 11.[2]

Edwards alleges that Commonwealth was the Trustee under the First Deed of Trust and had the contractual right to foreclose and sell the Property

---

[1] To the extent these additional documents constitute official public records, are central to Edwards' claims, are sufficiently referred to by Edwards' Complaint, and/or are not challenged on authenticity grounds, they may be considered at this stage of the proceedings. See Witthohn v. Fed. Ins. Co., 164 Fed. Appx. 395, 396 (4th Cir. 2006); see also F.R.C.P. 10(c) ("copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes").

[2] Edwards also alleges that HUD required Ms. McDonald to execute a Fixed Rate Second Promissory Note and Deed of Trust for the same debt referenced by the First Deed of Trust ("Second Deed of Trust"). At the hearing, the parties agreed that the Second Deed of Trust was not at issue.

if necessary. Doc. 1-1 at ¶ 13. Edwards further contends that the First Deed of Trust did "not provide for foreclosure under federal law procedures that bypass the foreclosure statutes governing under North Carolina law." Id. at ¶¶ 13-15.

At some point before the First Deed of Trust was recorded, Ms. McDonald received a written communication informing her that, effective August 6, 2012, MERS[3] had transferred the First Deed of Trust (the "August 2012 Transfer") to Urban Financial Group, Inc. ("Urban Financial"). Id. at ¶ 16.[4]

On August 16, 2012, the First Deed of Trust was recorded in the Buncombe County Registry. Doc. 1-1 at ¶ 11.

Several years later, on January 17, 2017, MERS assigned New Day's interest to HUD (the "January 2017 Assignment"). Id. at ¶ 18.

On September 19, 2019, Ms. McDonald passed away. Her estate was "promptly opened," a notice to creditors was published, and Edwards reported Ms. McDonald's death "to the servicer of the loan." Id. at ¶ 19.

 Neither New Day nor HUD filed a claim in the estate or requested that the Property be sold through an estate sale or by way of foreclosure through the power of sale under the First Deed of Trust. Id. at ¶ 20.

---

[3] Plaintiff alleges that "MERS is the beneficiary named in the Security Interest, as nominee for New Day." Doc. 1-1 at ¶ 5. The First Deed of Trust provided that "MERS serves as mortgagee of record and secured party solely as nominee, in an administrative capacity," for New Day. Doc. 1-1 at 31.

[4] The Complaint does not identify the day that Ms. McDonald received this communication.

On December 1, 2021, however, HUD recorded a Notice of Default and Foreclosure Sale (the "Notice of Default") stating that "the beneficial interest" in the First Deed of Trust was owned by HUD pursuant to the January 2017 Assignment, that default had occurred, and that the Property would be sold pursuant to the Single Family Mortgage Foreclosure Act of 1994, 12 U.S.C. § 3751 *et seq.* (the "SFMFA"). Id. at ¶ 21; Doc. 1-1 at 37.

HUD subsequently purported to convey the Property to Kutyana through a sale that occurred on January 2, 2022 and "caused to be issued a ten (10) day notice for Ms. Edwards to vacate" the Property. Id. at ¶ 24.[5]

Edwards alleges that, as a result of the August 2012 Transfer to Urban Financial, "New Day did not own, nor did it hold the original Promissory Note and Deed of Trust" and therefore that the January 2017 Assignment of New Day's interest in the First Deed of Trust to HUD was void as a matter of law. Id. at ¶¶ 17, 18. Further, Edwards contends that, because HUD was not the holder of the original Promissory Note and First Deed of Trust as of December 1, 2021 (the date the Notice of Default was recorded) "the purported sale [on January 2, 2022] . . . is null and void." Id. at ¶ 22.

---

[5] The Complaint alleges that, upon information and belief, Anderson does business as Anderson Law in the State of Virginia and is licensed to practice law in the State of North Carolina. Anderson was purportedly appointed as a Foreclosure Commissioner by HUD. Doc. 1-1 at ¶ 8.

6

The Complaint contains the following claims: 1) a claim for declaratory judgment by which Edwards seeks a declaration that HUD was not the owner and holder of the alleged debt instruments, that HUD's attempted foreclosure under federal law was void, and that HUD is not entitled to evict Edwards; 2) a claim to quiet the title of the Property in favor of Edwards; and 3) a claim for wrongful foreclosure by which Edwards seeks monetary damages against Anderson and Anderson Law in foreclosing against the Property.[6]

## III. Legal Standard

### A. Rule 12(b)(1)

A motion to dismiss made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure addresses whether the court has subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is a threshold question that relates to the power of the court to hear a case and must be resolved before a court addresses the merits of a case." Cap. Associated Indus., Inc. v. Cooper, 129 F. Supp. 3d 281, 299 (M.D.N.C. 2015) (citing Constantine v. Rectors &

---

[6] The Complaint also includes a Motion for Temporary Restraining Order and for a Preliminary and Permanent Injunction. As noted, a TRO was entered by the state court on February 9, 2022, but that Order has since expired. Doc. 1-2. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 439-440 (1974) ("An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal"); see also F.R.C.P. 65(b)(2)).

7

Visitors of George Mason Univ., 411 F.3d 474, 479-80 (4th Cir. 2005). Questions regarding a waiver of sovereign immunity may be resolved in the context of a Rule 12(b)(1) motion. Anderson v. United States, 669 F.3d 161, 164 (4th Cir. 2011) (analyzing the United States' limited waiver of immunity under the FTCA and stating that "[w]here the United States has not waived its sovereign immunity, a plaintiff's claim against the United States should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)").

### B. Rule 12(b)(6)

When considering a motion made pursuant to Rule 12(b)(6), the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## IV. Discussion

### A. The HUD Motion to Dismiss

HUD argues that Edwards has failed to allege any waiver of the United States' sovereign immunity, and that even if such a waiver had been alleged, the waivers set forth in the Lien Act, 28 U.S.C. § 2410, and the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680, do not apply here.[7]

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature," id, and "[t]he plaintiff bears the burden of showing that the government has waived sovereign immunity at

---

[7] Additionally, HUD argues that Edwards lacks prudential standing to pursue her claims and, alternatively, that the January 2017 Assignment was valid and therefore the subsequent sale pursuant to the SFMFA was also valid and bars Edwards' claims such that HUD is entitled to summary judgment. See Doc. 11 at 23. In light of the recommendation below regarding sovereign immunity, the undersigned has not reached these arguments.

9

the motion to dismiss stage." <u>Robinson v. United States Dep't of Educ.</u>, 917 F.3d 799, 802 (4th Cir. 2019) (citations omitted); <u>see also</u> <u>Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.</u>, 166 F.3d 642, 647 (4th Cir. 1999) (citing <u>Richmond, Fredericksburg & Potomac R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991) ("The plaintiff has the burden of proving that subject matter jurisdiction exists")).

Generally, a waiver of sovereign immunity "must be unequivocally expressed in [the] statutory text," "will not be implied," and "will be strictly construed, in terms of its scope, in favor of the sovereign." <u>Lane v. Pena</u>, 518 U.S. 187, 192 (1996); <u>see also</u> <u>Herndon v. Astrue</u>, No. 5:10–CV–175–RLV–DCK, 2011 WL 7971757, at *7 (W.D.N.C. Sept. 15, 2011) ("It is axiomatic that the United States cannot be sued without its consent and that a federal court lacks subject matter jurisdiction over such claims absent an express waiver of sovereign immunity").

Here, Edwards did not expressly allege a waiver of sovereign immunity in her Complaint and did not identify any statutory waiver of sovereign immunity in her briefing or during the July 27 hearing. Instead, Edwards contends that any rights that may have been transferred to HUD via the January 2017 Assignment could not exceed the rights held by New Day – an entity that is not entitled to sovereign immunity – and therefore HUD has waived its sovereign immunity as to Edwards' claims. <u>See</u> Doc. 22 at 15 ("By

10

allegedly accepting the assignment of the Promissory Note and stepping into the shoes of New Day, the Secretary has waived its alleged immunity to determine the interests of the parties to the contracts at issue in this case").[8] Edwards cites no authority that specifically supports this proposition though, and the undersigned does not find it to be persuasive, particularly considering the requirement that an express statement is necessary for sovereign immunity to be waived.

Further, the undersigned agrees with HUD's position that, to the extent the Lien Act or the FTCA could provide a waiver of the United States' sovereign immunity, those waivers do not apply here.

Section 2410(a) of the Lien Act provides that "the United States may be named a party in any civil action or suit in any district court…having jurisdiction of the subject matter (1) to quiet title to, (2) to foreclose a mortgage or other lien upon…real or personal property on which the United States has or claims a mortgage or other lien." This statute is a limited waiver of sovereign immunity. See United States v. Warford, 791 F.2d 1519, 1521 (11th Cir. 1986) (internal citations omitted).

---

[8] The undersigned understands Plaintiff's position to be that HUD never had an interest in the Property, but that if HUD did have such an interest, it was received from and coextensive with any interest previously held by New Day, and that because New Day did not enjoy sovereign immunity, HUD could not either.

Here, HUD contends that the Lien Act's waiver of immunity is not applicable because HUD did not have or claim a mortgage or other lien on the Property at the time suit was filed. In support of this position, HUD relies on Bay Savings Bank, F.S.B. v. I.R.S., a 1993 decision from the Eastern District of Virginia. 837 F. Supp. 150, 153 (E.D. Va. 1993).

There, the beneficiary of a deed of trust sought to void the sale of real property that had been seized by the Internal Revenue Service in connection with the collection of federal income tax liabilities. The court described two conflicting approaches with respect to the interpretation of Section 2410(a). Under the first approach, Section 2410(a)'s waiver of sovereign immunity applies when either 1) the United States claims a mortgage or lien interest in the property or 2) "the United States no longer claims any interest in the property but the plaintiff challenges the validity of the tax auction sale...." 837 F.Supp. at 153. Under the second approach, Section 2410(a) applies "only if, at the time the action is commenced, the government *still claims a lien or a mortgage on the property*." Id. (quoting Hughes v. United States, 953 F.2d 531, 538 (9th Cir. 1992) (emphasis added)). That is, under the second approach, if "the government has sold the property prior to the filing of the suit, and no longer claims any interest in the property," Section 2410(a) does not apply. Id.

The Bay Savings court followed the second approach, finding that it flowed "directly from the unambiguous language of the statute." Id. at 154; see

also Hattrup v. United States, 845 Fed. Appx. 733, 737 (10th Cir. 2021) ("the district court did not err in holding it lacked jurisdiction over Hattrup's claims against the United States because the government neither had nor claimed a lien interest in the Property at the time he filed this action, as required for a waiver of sovereign immunity under § 2410"); Kabakjian v. United States, No. CIV. A. 97-5906, 1998 WL 962124, at *1 (E.D. Pa. Dec. 22, 1998) (considering 28 U.S.C. § 2410(a) and explaining that "the weight of authority is that a plaintiff may not initiate a quiet title action against the government after it has sold the subject property to a third party and no longer has or claims a lien or mortgage on it"); Felkel v. United States, 861 F.Supp. 507, 510 (D.S.C. 1994) ("It is undisputed that the property at issue in this action was sold long before Felkel commenced this suit: thus the United States neither has, nor claims, any interest in such property and Section 2410 is inapplicable").[9]

---

[9] The court in Bay Savings reached a similar conclusion with respect to its interpretation of the Quiet Title Act, which appears at 28 U.S.C. §2409a and states in part that the United States "may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409a(a). The Quiet Title Act "is a limited waiver of the sovereign immunity of the United States." Richmond, F. & P. R.R. v. United States, 945 F.2d 765, 769 (4th Cir.1991). "The Quiet Title Act is the exclusive means to bring a quiet title action against land owned by the United States…" Rutland v. Dugas, No. 1:15-CV-00228-MR, 2016 WL 3436422, at *3 (W.D.N.C. June 17, 2016) (citing Block v. North Dakota ex rel. Bd. of Univ. and Sch. Lands, 461 U.S. 273, 286 (1983); 28 U.S.C. § 1346(f)). In the instant case, HUD relies on Section 2410(a) and not the Quiet Title Act.

The undersigned finds the reasoning of <u>Bay Savings</u> and similar authorities to be persuasive, particularly in light of the express terms of Section 2410(a) and the requirement that a waiver of sovereign immunity be construed narrowly in favor of the United States. Here, as it is undisputed that HUD did not claim an interest in the Property on February 9, 2022, when Edwards brought suit in state court, the United States' sovereign immunity has not been waived by Section 2410(a).

With respect to the limited waiver of sovereign immunity set forth in the FTCA, during the July 27, 2022 hearing, Edwards' counsel confirmed that Edwards has not asserted a claim pursuant to the FTCA. Even if Edwards had brought such a claim, however, there is no indication that such a claim could be asserted directly against HUD, and, in any event, it does not appear that Edwards has exhausted her administrative remedies with respect to such a claim. <u>See</u> <u>Owen v. FDA Office of Generic Drugs</u>, No. 1:20-cv-00098-MR, 2021 WL 3883112, at *3 (W.D.N.C. Aug. 27, 2021) ("Because the Plaintiff cannot bring his FTCA claims against any party other than the United States, the FDA Office of Genetic Drugs will be dismissed as a defendant") (citing 28 U.S.C. § 2679(a)); <u>Smith v. United States</u>, 561 F.3d 1090, 1099 (10th Cir. 2009)); <u>Parrish v. United States</u>, No. 1:17cv70, 2020 WL 1330350, at * 3 (N.D. W. Va. March 23, 2020) (finding administrative exhaustion of an FTCA claim "to be a necessary predicate to this Court's exercise of jurisdiction") (citing <u>Fort</u>

Bend County v. Davis, 139 S.Ct. 1843 (2019); McNeil v. United States, 508 U.S. 106 (1993)).

Therefore, the undersigned will recommend that HUD's Motion to Dismiss be granted, and that Edwards' claims against HUD be dismissed without prejudice for lack of subject matter jurisdiction.

## B. The Kutyana and MERS Motions to Dismiss

In his Motion to Dismiss, Kutyana asserts that Edwards' claims are barred by provisions of the SFMFA and that he is entitled to immediate possession of the Property. See Doc. 4. In its Motion to Dismiss, MERS argues that Edwards has failed to assert any claims against it, and that no action by MERS had any effect on HUD's ability to foreclose. See Doc. 15.

Before addressing these arguments, the undersigned has considered whether, in the event the District Court agrees with the recommended disposition of the HUD Motion to Dismiss, subject matter jurisdiction may be exercised over Edwards' remaining claims.

During the hearing, HUD did not take a specific position on the issue, while Kutyana and MERS both asserted that subject matter jurisdiction could

15

be exercised pursuant to 28 U.S.C. §1331 because Edwards' Complaint requires the interpretation of the SFMFA – a federal statute.[10]

### 1. The Well-Pleaded Complaint Rule

Under the "well-pleaded complaint rule," a court has jurisdiction under Section 1331 "only if a claim, when pleaded correctly, sets forth a federal question; in other words, whether 'a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute,…must be determined from what necessarily appears in the plaintiff's statement of his own claim…, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'" King v. Marriott Int'l, Inc., 337 F.3d 421, 424 (4th Cir. 2003) (quoting Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)).

Here, Edwards' Complaint seeks a declaration that HUD's "attempted foreclosure under federal law is void as a matter of law" because HUD was not, according to Edwards, the owner and holder of the Promissory Note and the First Deed of Trust. Doc. 1-1 at ¶¶ 27-28. Edwards additionally asserts a claim for quiet title, again based on Edwards' view that the Promissory Note was transferred to Urban Financial rather than HUD. Doc. 1-1 at ¶ 30. Finally,

---

[10] Edwards initially suggested that the Court could exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, it appears that both Edwards and Kutyana are citizens of North Carolina. See Doc. 1-1 at ¶¶ 1, 9.

Edwards asserts a claim for wrongful foreclosure based on her position that "state law remedies of foreclosure contained in the [First] Deed of Trust and governed by North Carolina statutes" were improperly "bypass[ed]." Doc. 1-1 at ¶ 33.

Edwards does not, however, attempt to state a federal claim.

## 2.    Substantial, Contested Federal Issue

There is "another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction" which is present when state law claims "implicate significant federal issues." Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 312 (2005). However, the "mere presence" of a federal issue "does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813 (1986). Rather, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable, 545 U.S. at 313.

Traditionally, foreclosure matters are handled by state courts. See McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, No. 3:08–cv–00293–FDW, 2008 WL 4166328, at *1 (W.D.N.C. Sept. 3, 2008) (nothing in "simple foreclosure action of real property...suggests the presence of a federal question"); BFP v. Resolution Trust Corp., 511 U.S. 531, 544 (1994)

(characterizing the regulation of foreclosure as "an essential state interest"); <u>Vien-Phuong Thi Ho v. Recontrust Company NA</u>, 858 F.3d 568, 576 (9th Cir. 2017) ("Foreclosure is a traditional area of state concern"); <u>see also</u> <u>Jennifer Bleter Formichella, PLLC v. Fisher</u>, No. 1:12CV85-MR, 2012 WL 2501110, at *3 (W.D.N.C. June 28, 2012) ("Federal courts simply do not interfere in state court foreclosure proceedings").

Additionally, the possibility that Defendants may assert their compliance with the SFMFA as a defense to Edwards' claims does not, without more, create federal subject matter jurisdiction. <u>See</u> <u>Nationstar Mortgage LLC v. Hall</u>, No. 3:17-1499-JFA-PJG, 2017 WL 3037474, at *2 (D.S.C. June 15, 2017) ("To the extent Hall attempts to raise defenses to the foreclosure action based on a federal law, such defenses do not establish federal question jurisdiction"); <u>Cohn v. Charles</u>, 857 F.Supp.2d 544, 548 (D. Md. 2012) (foreclosure proceeding was not removable, nor did it become removable when federal defenses were asserted or the counterclaim filed).

In sum, certain aspects of this case may require the application or interpretation of the SFMFA or other federal laws. <u>See</u> <u>e.g.</u>, Doc. 1-1 at ¶ 22 (alleging that the Notice of Default was "not in compliance with the federal regulations cited therein"); Doc. 4 at 5-6 (Kutyana's Memorandum in Support of Motion to Dismiss arguing that Edwards' claims are barred by 12 U.S.C. §3765(1)). This matter does not, however, contain a substantial, contested

federal issue. See Allen v. Bank of America, 5 F.Supp.3d 819, 831-833 (N.D. Tex. 2014) (collecting mortgage foreclosure cases in which Texas district courts found there were no substantial federal issues resulting in federal question jurisdiction even where plaintiffs alleged violations of HUD regulations); Certified Enterprises, LLC v. Dauphin Creek Apartments, LLC, No. 09–00163–CG–N, 2009 WL 2870506 (S.D. Ala. Sept. 3, 2009) (rejecting argument that federal question jurisdiction existed because HUD Rules and Regulations were applicable, and explaining that the validity of the leases turned primarily on state law); Citibank, N.A. v. Gumbs, No. 1:07-CV-2476-TWT, 2007 WL 3491744 (N.D.Ga. Nov. 6, 2007).[11]

The undersigned will therefore recommend that, following the dismissal of Edwards' claims against HUD, the case be remanded to state court.[12]  The

---

[11] Even if Edwards' Complaint were to be construed as raising a substantial, contested issue of federal law, there is authority indicating that exercising federal jurisdiction would nonetheless be improper in these circumstances. See Allen, 5 F.Supp.3d at 831-833 (also noting cases in which courts reasoned that, even if there were substantial federal questions, exercising federal jurisdiction over a wrongful foreclosure claim would disturb the balance of federal and state judicial responsibilities); Leggette v. Washington Mut. Bank, No. 3:03-CV-2909-D, 2005 WL 2679699, at *4 (N.D.Tex. Oct. 19, 2005) (determining that the exercise of federal jurisdiction over home foreclosure disputes would create "a significant transfer of judicial responsibilities from state to federal courts").

[12] The undersigned has considered whether to recommend that the District Court exercise supplemental jurisdiction over Edwards' remaining claims pursuant to 28 U.S.C. §1367(a), but, for the same reasons that remand is warranted, the undersigned does not recommend that supplemental jurisdiction be exercised. See 28 U.S.C. § 1367(c) (district courts may decline to exercise supplemental jurisdiction under certain circumstances).

19

undersigned does not recommend that any further actions be taken with respect to the Kutyana Motion to Dismiss and the MERS Motion to Dismiss, as these matters can be taken up by the state court following remand as may be appropriate.

V.    Recommendation

The undersigned respectfully **RECOMMENDS**:

1. That the "United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the alternative, Motion for Summary Judgment" (Doc. 10) be **GRANTED IN PART** and that Edwards' claims against HUD be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2. That following the dismissal of Edwards' claims against HUD, this matter be **REMANDED** to state court.

3. That no further action be taken with respect to the Motion to Dismiss or, in the alternative, for Summary Judgment, Together with Request for Lifting of Injunctive Relief and Immediate Possession by Defendant Michael A. Kutyana (Doc. 3) or the Motion to Dismiss by Defendant Mortgage Electronic Registration Systems, Inc. (Doc. 14), such that these Motions may be addressed by the state court as appropriate following remand.

Signed: September 29, 2022

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).